Janjua v. Lynch

BIA
Cheng, IJ
A094 938 192

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>ROSEMARY S. POOLER,
>DENNY CHIN,
>>*Circuit Judges.*

_____

BAHAHDUR SINGH JANJUA,
>*Petitioner,*[1]

>v.

>13-113
>NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:   Devin T. Theriot-Orr, Gibbs Houston Pauw, Seattle, WA.

_____

[1] The Clerk of Court is respectfully directed to amend the case caption to conform with the above.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney
                          General; Holly M. Smith, Senior
                          Litigation Counsel; Rosanne M.
                          Perry, Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Bahahdur Singh Janjua, a native and citizen of India, seeks review of a December 20, 2012 order of the BIA, affirming the August 11, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bamadur Singh Janjua*, No. A094 938 192 (B.I.A. Dec. 20, 2012), *aff'g* No. A094 938 192 (Immig. Ct. N.Y. City Aug. 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

I.  Credibility Determination

For applications such as Janjua's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer [] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ found that Janjua was not credible because his testimony was not persuasive enough; she did not make her credibility determination under the REAL ID Act framework. Indeed, the IJ did not acknowledge the REAL ID Act standard and based her credibility determination on a single pre-REAL ID Act case—*Matter of Y-B-*, 21 I. & N. Dec. 1136 (B.I.A. 1998).  In citing *Matter of Y-B-*, the IJ observed that the weaker the applicant's testimony the greater the need for corroborative evidence.  However, she did not make any

3

findings regarding the sufficiency of Janjua's corroborative evidence, other than noting that his father's letter omitted any reference to the police's continued efforts to locate Janjua. Janjua had also submitted: (1) a letter from Akali Dal Mann's leader confirming Janjua's party membership and the Indian government's mistreatment of Sikhs; (2) a letter from Janjua's uncle stating that he had secured Janjua's release from detention; and (3) various media reports on conditions for Sikhs in Punjab. The IJ's exclusive reliance on *Matter of Y-B-* is further puzzling because that case did not involve a credibility determination. *See* 21 I. & N. Dec. at 1137.

In addition, while the BIA stated that the IJ's credibility determination should be affirmed based on all relevant factors under the standards of the REAL ID Act, it provided no further analysis and made no attempt to place the IJ's concerns over Janjua's inability to recall certain details into the rubric of the REAL ID Act. Because the agency failed to apply the governing legal standard, "it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d

4

281, 289 (2d Cir. 2007) ("This Court . . . will not hesitate to vacate and remand where the BIA or IJ analysis is insufficient to determine whether the correct legal standard was applied."). We therefore vacate the agency's decision and remand for analysis of Janjua's credibility under the correct legal standard.

As discussed below, the agency's alternative burden finding does not obviate the need for remand.

II. Past Persecution

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds, by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). A past persecution finding may be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *see Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between

5

harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id.*

Here, the agency erred in finding that Janjua failed to establish past persecution because it ignored the custodial nature of Janjua's beatings. *See Beskovic*, 467 F.3d at 226; *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). Janjua testified that, during his detentions, he was beaten with bamboo sticks, forced to crawl over sharp stones, tied to a table with his hands bound to his ankles, and hooked up to what can only be described as some sort of torture device. The agency found that this harm did not rise to the level of persecution because Janjua was detained briefly and did not suffer serious injuries. The agency, however, did not appear to give any special consideration to the custodial nature of Janjua's beatings. While we have "never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*," *Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011), "[t]he [agency] must [] be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation

6

designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," *Beskovic*, 467 F.3d at 226 (quoting *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004)). Because the agency's decision does not reflect this sensitivity, we remand for proper consideration of Janjua's claims of past harm. This error also affects our ability to review the agency's finding that Janjua had not established a well-founded fear, or a likelihood of future persecution, because individuals who suffer past persecution benefit from a presumption of future harm. *See* 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding of removal).

For the foregoing reasons, the petition for review is GRANTED and the case is remanded for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7